**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **YANIXA ROSSALIA LOPEZ-CASTELLANOS,** | § § § | |
| **Petitioner,** | § § | |
| **v.** | § § | **CAUSE NO. EP-26-CV-1891-KC** |
| **TODD BLANCHE, et al.,** | § § | |
| **Respondents.** | § § | |

## <u>ORDER</u>

On this day, the Court considered the case.  On July 10, 2026, Yanixa Rossalia Lopez-Castellanos filed a Petition for a Writ of Habeas Corpus, ECF No. 1, seeking release from immigration custody or a bond hearing.  On July 13, the Court ordered Respondents to show cause why the Petition should not be granted.  Show Cause Order, ECF No. 2.

On July 20, Respondents filed a Response, ECF No. 4, in which they informed the Court that Lopez-Castellanos was removed from the United States on July 16 pursuant to an in absentia removal order.  *Id.* at 3.  They argued that, although Lopez-Castellanos filed a motion to reopen in the immigration court, the automatic stay of removal under 8 C.F.R. § 1003.23(b)(4)(ii) was not triggered because the motion "fail[ed] to plead either a lack of notice or timely extraordinary circumstances."  *Id.* at 4.  Thus, according to Respondents, Lopez-Castellanos' removal order could be enforced and, now that she has been removed, the Petition is moot.  *Id.* at 3–5.

The Court thus ordered Lopez-Castellanos to file a reply addressing the arguments raised in the Response and the effect of her removal from the country on her Petition.  July 21, 2026, Order, ECF No. 5.

Lopez-Castellanos has now filed a Reply, ECF No. 6, in which she argues that she was unlawfully removed in violation of the automatic stay of her removal. *Id.* at 1–2. Specifically, she argues that under the governing statute and regulations, it is the filing of the motion to reopen which triggers the automatic stay, not the merits of the motion, as only an Immigration Judge can adjudicate the merits, not Respondents. *See id.* Lopez-Castellanos thus asks the Court to retain jurisdiction over this case despite her removal and release from custody and order her return to the United States. *See id.* at 3–4.

However, Lopez-Castellanos' request to be returned to the United States is not properly brought in habeas. *See Munaf v. Geren*, 553 U.S. 674, 694 (2008) ("Habeas is at its core a remedy for unlawful executive detention" for which "[t]he typical remedy . . . is, of course, release." (citations omitted)). Claims challenging unlawful removal and seeking return to the United States are appropriately brought as civil actions. *See, e.g.*, Compl., *Ydlibi Tellisseh v. Mullin*, No. 3:26-cv-911 (W.D. Tex. Apr. 1, 2026), ECF No. 1; Compl. *Mendoza-Torres v. Noem*, No. 3:26-cv-725 (W.D. Tex. Mar. 13, 2026), ECF No. 1; Compl., *Noem v. Abrego Garcia*, 25-cv-951 (D. Md. Mar. 24, 2025), ECF No. 1.

Therefore, because Lopez-Castellanos has been released from custody, albeit through an allegedly unlawful removal, the Petition is moot. *Virani v. Huron*, No. 5:19-cv-499-ESC, 2020 WL 7405655, at *3 (W.D. Tex. Dec. 17, 2020) ("[W]here an [immigration detainee] is granted the relief he requests, no 'case or controversy' remains" and thus the habeas petition is rendered moot) (quoting *Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988)).

Accordingly, the Court **ORDERS** that the Petition, ECF No. 1, is **DISMISSED** as moot without prejudice to Lopez-Castellanos' ability to file a civil action seeking her return to the United States.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 28th day of July, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

3